IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN A. WHITE, :
        Plaintiff, :
v. : Civ. No. 11-386-LPS
DELAWARE BOARD OF PAROLE, et al., :
        Defendants. :

Steven A. White, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Elio Battista, Jr., Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

June 8, 2012
Wilmington, Delaware

{signature}

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Steven A. White ("Plaintiff") filed this action on May 9, 2011, alleging violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq. ("ADA"), and the Rehabilitation Act of 1973 ("Rehab Act"). (D.I. 3) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Plaintiff's Request for Counsel and Request for Default as well as Defendants' Motion to Dismiss for Lack of Jurisdiction over the Subject Matter. (D.I. 11, 17, 20) For the reasons that follow, the Court will deny the motions.

## II. BACKGROUND

Plaintiff pled guilty in 1977 to two counts of second degree murder. As part of his plea agreement, the State agreed not to oppose Plaintiff's request for parole, once he became eligible. Plaintiff was paroled in 2003 but, in 2004, a violation report was filed after he tested positive for drug use. He is presently incarcerated pursuant to Defendant Delaware Board of Parole's ("Board of Parole") reinstatement of his sentence following a finding he had violated the conditions of his parole. *See White v. State*, 12 A.3d 1155 (Del. 2011) (table decision).

Plaintiff reapplied for parole in May 2009, but was denied. Plaintiff's parole application included proof that he had successfully completed, and graduated from, a supervised drug treatment program on March 25, 2009. (D.I. 3 Ex. 2) Defendant Dwight Holden ("Holden"), Chairman of the Board of Parole, notified Plaintiff on May 27, 2009 that one of the factors in denying parole was "substance abuse history."[1] (*Id.* at Ex. 1) Plaintiff alleges that his drug history, coupled with his completion of a drug treatment program, invokes protection as a

---

[1] Holden is sued in his official capacity.

1

disabled individual under Title II of the ADA. He further alleges that Defendants discriminated against him by reason of his disability, in denying him parole and in restricting parole in a discriminatory manner that grants favored status to inmates without a substance abuse disability.

Plaintiff alleges that the violation of the ADA in his continued incarceration includes violations of the Equal Protection Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution. Plaintiff seeks injunctive and declaratory relief and monetary damages. Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff requests entry of default and appointment of counsel.

### III. DISMISSAL

#### A. Legal Standards

##### 1. Rule 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." *Samsung Elec. Co., Ltd. v. ON Semiconductor Corp.*, 541 F.Supp.2d 645, 648 (D. Del. 2008). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction presents either a facial attack or a factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); Fed. R. Civ. P. 12(b)(1). A facial attack concerns an alleged pleading deficiency, while a factual attack concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional prerequisites. *See CNA*, 535 F.3d at 139.

Where the motion presents a facial challenge to the Court's jurisdiction, or one based purely on the allegations in the complaint, the Court must accept those allegations as true and

may consider only the complaint and any documents upon which it is based. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Where subject matter jurisdiction is challenged based upon the sufficiency of jurisdictional facts, the Court is not required to attach any presumptive truthfulness to the allegations in the complaint and may consider matters outside the pleadings to satisfy itself that it has jurisdiction. *See id.*; *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). In either case, Plaintiff bears the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

### 2. **Rule 12(b)(6)**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible

3

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## B. **Discussion**

Defendants move for dismissal on the limited issue that Holden, sued in his official capacity, and the Board of Parole, as an arm of the State, are immune from claims under Title II of the ADA by reason of the Eleventh Amendment. Defendants rely upon *United States v. Georgia*, 546 U.S. 151, 159 (2006), to support their position.[2] They argue that the Complaint does not allege any conduct that independently and actually violated the provisions of section 1 of the Fourteenth Amendment and, therefore, the Court is without subject matter jurisdiction to hear Plaintiff's claims. If so, the Complaint should be dismissed pursuant to Federal Rule of

---

[2]Defendants do not discuss immunity with regard to the Rehab Act claims.

Civil Procedure 12(b)(1). They further argue that, because they are immune from suit under the Eleventh Amendment, Plaintiff cannot recover against them under any conceivable set of circumstances and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 1. ADA

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a prima facie claim under Title II of the ADA, a plaintiff must show that he: (1) is a person with a disability as defined by statute; (2) is otherwise qualified for the benefit in question; and (3) was excluded from the benefit due to discrimination based upon disability. *See* 42 U.S.C. § 12131 *et seq.*

Plaintiff asserts that his drug abuse history falls under the umbrella of the definition of an individual with a disability. *See* 28 U.S.C. § 12102(2); 28 C.F.R. § 35.104 (drug addiction that substantially limits one or more major life activities is a recognized disability under the ADA). Plaintiff alleges that he was denied parole by reason of his disability and that, but for his history of drug abuse, he would have been found suitable for parole. Plaintiff further alleges that individuals with drug abuse histories are discriminated against and denied parole when those with no drug abuse history are granted parole. The consequence is prolonged incarceration for inmates who otherwise would be released.

## 2. **Immunity**

The Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. *See Georgia*, 546 U.S. at 159. To determine whether a plaintiff may sue a State for damages under Title II, a Court must: "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007).

Under the first prong of the tripartite analysis, the Complaint alleges that Defendants violated Title II of the ADA when they refused Plaintiff parole on the basis of his disability (i.e., drug abuse history). Under the second prong, the Court determines whether the alleged misconduct also violates the Fourteenth Amendment. While there is no federal constitutional right to parole, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), there is a due process right in being treated fairly during the parole process, *see Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003) (discussing Parole Board's duty to give inmate fair hearing in context of due process challenge). *See also Block v. Potter*, 631 F.2d 233, 240 (3d Cir. 1980) (holding that denial of parole based on considerations of race may state claim for violation of substantive due process even though there is no liberty interest in parole); *accord Newman v. Beard*, 617 F.3d 775, 784 (3d Cir. 2010) (observing this is not a case "in which the Parole Board arbitrarily denied parole based on race, religion, political beliefs, or another impermissible factor"). Here, Plaintiff alleges that he was denied parole based upon an

6

impermissible discriminatory factor. Therefore, the Court finds that the allegations do allege a violation of the Fourteenth Amendment.

The Court turns to the third prong: whether Congress' purported abrogation of sovereign immunity as to this class of conduct is valid. Courts have long held that federal anti-discrimination guarantees apply to parole decisions. *See Thompson v. Davis*, 295 F.3d 890, 897-98 (9th Cir. 2002) (stating parole may not be denied on basis of disability protected by ADA); *see also White v. Bond*, 720 F.2d 1002, 1003 (8th Cir. 1983) ("[A]llegation of racial discrimination in the parole process appears to state a cognizable section 1983 claim."); *Bentley v. Tennis*, 2007 WL 4248258, at *3 (M.D. Pa. Nov. 30, 2007) ("Under substantive due process, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights [or because of] factors bearing no rational relationship to the interests of the [state]."). The Court finds that Title II, as applied to cases implicating the right of a disabled inmate (i.e., one with a history of drug abuse) to a fair parole process is a valid exercise of Congress' authority to enforce the guarantees of the Fourteenth Amendment. Therefore, the Eleventh Amendment is not a bar to Plaintiff's ADA claims against Defendants, and Defendants' reliance upon Eleventh Amendment immunity does not serve as a basis for dismissal under either Rule 12(b)(1) or 12(b)(6). Accordingly, the Court will deny Defendants' Motion to Dismiss.[3]

---

[3]Plaintiff claims that his drug use history excludes him from consideration for parole. In the parlance of the ADA, he claims that he was denied the benefit of full and fair consideration for parole by reason of his disability. This claim is sufficient to survive a Rule 12(b)(6) motion.

## IV. REQUEST FOR COUNSEL

Plaintiff seeks counsel on the basis that: (1) he does not have the ability or experience to present his own case; (2) he is unskilled in the law; (3) the case may hinge upon legislative intent and court interpretation of that intent; (4) expert witnesses will be necessary; (5) he cannot attain and afford counsel on his own behalf; (6) counsel would serve the best interests of justice; (7) an attorney will facilitate the discovery process; (8) there are alternative options for appointment of counsel; (9) he will be prejudiced without counsel; and (10) the Amended Complaint adds to the complexities of the case.[4] (D.I. 11)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[5] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to

---

[4]The case proceeds on the original Complaint, the Amended Complaint having been stricken by the Court on October 28, 2011. (*See* D.I. 12)

[5]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

8

which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request for Counsel. (D.I. 11) Should the need for counsel arise later, the issue can be addressed at that time.

## V. REQUEST FOR DEFAULT

Defendants timely filed a Motion to Dismiss on December 15, 2011. (D.I. 17) On December 19, 2011, Plaintiff requested entry of default on the grounds that Defendants had failed to plead or otherwise defend the Complaint. (D.I. 20)

Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b) precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006).

Entry of default is not appropriate. Therefore, the Court will deny Plaintiff's Request for Entry of Default Judgment. (D.I. 20)

9

## VI. <u>CONCLUSION</u>

For the above reasons, the Court will deny Defendants' Motion to Dismiss, Plaintiff's Request for Counsel, and Plaintiff's Request for Default. (D.I. 11, 17, 20)

An appropriate Order will be entered.