## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN A. WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 11-386-LPS |
| | : | |
| DELAWARE BOARD OF PAROLE, et al., | : | |
| | : | |
| Defendants. | : | |

Steven A. White, Central Violation of Probation Center, Smyrna, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## <u>MEMORANDUM OPINION</u>

July 30, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Steven A. White ("Plaintiff") filed this action on May 9, 2011, alleging

violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq.

("ADA") and the Rehabilitation Act of 1973 ("Rehab Act"). (D.I. 3) The Court has jurisdiction

pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' Motion to Stay

Discovery (D.I. 40), Motion to Dismiss (D.I. 42), and Motion for Summary Judgment (D.I. 47),

as well as Plaintiff's Motion to Take Depositions (D.I. 38), Motion to Strike (D.I. 45) and

Motion to Compel (D.I. 49).

## II. BACKGROUND

Plaintiff pled guilty in 1977 to two counts of second-degree murder. As part of the plea

agreement, the State agreed not to oppose Plaintiff's request for parole, once he became eligible.

Plaintiff was paroled in 2003 but, in 2004, a violation report was filed after he tested positive for

drug use, and he was incarcerated pursuant to Defendant Delaware Board of Parole's ("Board of

Parole") reinstatement of his sentence, based on a finding he had violated the conditions of his

parole. *See White v. State*, 12 A.3d 1155 (Del. Jan 14, 2011) (table decision).

Plaintiff reapplied for parole in May 2009, but was denied. Plaintiff's parole application

included proof that he had successfully completed, and graduated from, a supervised drug

treatment program on March 25, 2009. (D.I. 3 Ex. 2) Defendant Dwight Holden ("Holden"),

former Chairman of the Board of Parole, notified Plaintiff on May 27, 2009, that one of the

1

factors in denying parole was "substance abuse history."[1] (*Id.* at Ex. 1) Plaintiff reapplied for parole during the pendency of this action and, on December 12, 2012, he was paroled to Level IV Crest followed by Level III supervision. (D.I. 42, Ex. A) On January 29, 2013, Plaintiff notified the Court of his transfer from the James T. Vaughn Correctional Center to the Central Violation of Probation Center in Smyrna, Delaware. (D.I. 43)

Plaintiff alleges that his drug history, coupled with his completion of a drug treatment program, invokes protection as a disabled individual under Title II of the ADA. He further alleges that Defendants discriminated against him by reason of his disability in denying him parole and in restricting parole in a discriminatory manner that grants favored status to inmates who do not have a substance abuse disability. Finally, Plaintiff alleges that the violation of the ADA resulted in his continued incarceration and also violated the Equal Protection Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution.[2] He seeks injunctive and declaratory relief and monetary damages as allowed by law.

Defendants' first motion for dismissal raised the limited issue that Holden, sued in his official capacity, and the Board of Parole, as an arm of the State, were immune from suit for claims under Title II of the ADA by reason of the Eleventh Amendment. It was denied on June 11, 2012. (D.I. 27, 28) On December 31, 2012, Defendants filed a second motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (D.I. 42), followed by a motion for summary

---

[1]Holden is sued in his official capacity. He is no longer a member of the Board of Parole. *See* http://boardofparole.delaware.gov/board.shtml.

[2]Plaintiff appears to incorporate 42 U.S.C. § 1983 into his claim for relief for damages against the individual defendants. (D.I. 3 at 19-20)

2

judgment (D.I. 47) on March 11, 2013. In the interim, Defendants provided the Court with an

order entered by the Supreme Court of the State of Delaware that denied Plaintiff's State appeal

of the dismissal of a petition for a writ of mandamus, which they contend moots Plaintiff's

Complaint. (D.I. 44) Plaintiff moves to strike the letter on the basis that it is misleading and

should not be considered. (D.I. 45)

## III.    DISMISSAL

### A.    Legal Standards

#### 1.    Rule 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of

jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim."

*Samsung Elec. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction presents either a facial

attack or a factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); Fed. R.

Civ. P. 12(b)(1). A facial attack concerns an alleged pleading deficiency, while a factual attack

concerns the actual failure of a plaintiff's claim to comport factually with the jurisdictional

prerequisites. *See CNA*, 535 F.3d at 139.

Where the motion presents a facial challenge to the Court's jurisdiction, or one based

purely on the allegations in the complaint, the Court must accept those allegations as true and

may consider only the complaint and any documents upon which it is based. *See Petruska v.

Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Where subject matter jurisdiction is

challenged based upon the sufficiency of jurisdictional fact, the Court is not required to attach

any presumptive truthfulness to the allegations in the complaint but may consider matters outside

3

the pleadings to satisfy itself that it has jurisdiction. *See id.*; *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). In either case, Plaintiff bears the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## 2. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson*

4

*v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation

marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted),

"unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v.*

*Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-

evidently false." *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro*

*se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## B.   Discussion

Defendants move for dismissal on the grounds that Plaintiff's parole moots his requests

for injunctive and declaratory relief. (D.I. 42) They further argue that, to the extent Plaintiff

seeks damages, Defendants are immune from suit. Plaintiff opposes the motion and argues that

the issues are not moot because the violation of the ADA cannot be remedied by his release.

(D.I. 43)

The Complaint is brought by Plaintiff individually. (D.I. 3 at ¶ VI) In the Complaint,

Plaintiff acknowledges that he is not qualified to represent a class of other persons similarly

situated, but requests counsel and class certification to the extent other similarly situated persons

should be included. The Court previously denied Plaintiff's request for counsel and, therefore, to

the extent Plaintiff seeks class certification finds class certification is not appropriate. *See Hagan*

*v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (noting that it was inappropriate for the district court

to deny class certification on the basis of inadequate representation without first deciding

5

plaintiff's motion to appoint counsel). Thus, the Complaint is construed as an individual suit brought by Plaintiff.

The Complaint seeks: (1) permanent injunctive relief to enjoin Defendants from continuing their policies, practices, and customs of denying parole to recovered drug addicts in violation of Title II of the ADA (D.I. 3 at ¶ II); (2) declaratory relief to determine whether Defendants may continue to deny parole to qualified disabled individuals on the basis of their disability and whether disabled individuals who were denied parole because of their disability should be immediately scheduled for a new parole hearing free of discriminatory practice (*Id.* at ¶ III); and (3) monetary damages (compensatory and punitive) appropriate from Defendants both as a public entity and individually as public officials in their individual capacities and that are not disqualified by 28 U.S.C. § 1915(e)(2)(B()iii) and § 1915A(b)(2) (*Id.* at ¶ IV).

To the extent that Plaintiff seeks injunctive and declaratory relief on behalf of others, he may not do so. As discussed above, this case proceeds solely on his individual claims and not as a class action. In addition, because Plaintiff was given a new parole hearing and has been released on parole, his claims for injunctive and declaratory relief are moot.

Federal courts have limited jurisdiction to hear only actual "cases and controversies." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing U.S. Const. Art. III § 2). Accordingly, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction." *Id.* (internal citation omitted). Because Plaintiff was given a parole hearing and granted parole, there is no longer a live controversy and his requests for injunctive and declaratory relief are moot. *See e.g.*, *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Abdul-*

6

*Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993). Nonetheless, Plaintiff may continue to seek monetary damages for past injury. Claims for monetary damages survive a prisoner's release from custody. *See Board of Pardons v. Allen*, 482 U.S. 369, 371 n.1 (release on parole); *see also e.g.*, *Muslim v. Frame*, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994).

Plaintiff may not, however, recover compensatory damages against the individual defendants[3] under the ADA and § 1983 by reason of their quasi-judicial immunity.[4] The key consideration in determining whether the Parole Board defendants are immune from suit is whether their actions occurred when they were "engaged in adjudicatory duties." *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986). It is evident from the Complaint's allegations that the acts complained of are adjudicatory functions as Plaintiff alleges that he was denied a hearing and parole, both of which are quasi-judicial (or judicial) exercises. To the extent Plaintiff raises claims against the Parole Board members for their adjudicatory actions, they are entitled to absolute, quasi-judicial immunity. *See Harper*, 808 F.2d at 285; *Thompson v. Burke*, 556 F.2d 231, 236 (3d Cir. 1977).

Defendants, relying on *Harper v. Jeffries*, *supra*, contend that the Board of Parole, an arm of the State of Delaware, is immune from any claim for damages by reason of quasi-judicial immunity. *Harper v. Jeffries*, however, speaks to the immunity of individual Board of Parole members, not the Board itself. However, to the extent that Plaintiff attempts to raise a claim against the Board of Parole pursuant to 42 U.S.C. § 1983, the claim fails as the Board is not a

---

[3]The individual defendants are Holden, and unnamed John and Jane Does.

[4]Numerous courts have found that Title II of the ADA does not provide a cause of action against government employees in their individual capacities. *See, e.g.*, *Williams v. Hayman*, 657 F. Supp. 2d 488, 501 (D.N.J. 2008) (citing cases).

7

person within the meaning of 42 U.S.C. § 1983.[5] *See Madden v. New Jersey State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971) (New Jersey State Parole Board is not person under § 1983); *see also Davis v. Pennsylvania Bd. of Prob. and Parole*, 2006 WL 3308440, at \*4 (W.D. Pa. Oct. 13, 2006) (discussing issue that Parole Board is not "person" within the meaning of § 1983).

Accordingly, the Court will grant Defendants' Motion to Dismiss, with the exception of the ADA claims for monetary damages raised against the Board of Parole, as an arm of the State of Delaware.[6] All other claims, including injunctive and declaratory relief, and all other Defendants and the claims raised against them will be dismissed.

## IV. MOTION FOR SUMMARY JUDGMENT

Because Plaintiff has received no discovery from Defendants, the Court will deny their Motion for Summary Judgment (D.I. 47) without prejudice to renew. In addition, the Court will extend the discovery and dispositive motion deadlines. Finally, the Court will deny Plaintiff's Motion to Strike (D.I. 45) Defendants' February 7, 2013 letter to Court. The Court notes that the issues addressed by the Delaware Supreme Court in its February 5, 2013 Order, *White v. Delaware Bd. of Parole*, 61 A.3d 619 (Del. Feb. 5, 2013) (table decision), differ from those raised by Plaintiff and that remain pending in the instant action.

---

[5]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

[6]This Court previously determined that Plaintiff has alleged sufficient facts against the Board of Parole to proceed on his claim for monetary damages under Title II of the ADA. (*See* D.I. 27, 28)

8

## V.    DISCOVERY

The Court next turns to several pending discovery motions. The Court entered a

scheduling order on August 8, 2012. (D.I. 30) The order set a discovery deadline of February

11, 2013 and a dispositive motion deadline of March 11, 2013.

On August 14, 2012, Plaintiff sought discovery from Defendants when he filed a first

request for production of documents and request for admissions. (D.I. 31, 32) Plaintiff served

Defendants with interrogatories on August 22, 2012. Next, on September 3, 2012, Plaintiff filed

a motion to take the depositions of Dwight Holden and William C. Pfeifer. (D.I. 38) Defendants

did not answer the discovery requests, respond to the request for admissions, or respond to the

motion for depositions. Instead, on September 9, 2012, Defendants filed a motion to stay

discovery on the grounds that Plaintiff was scheduled to appear before the Board of Parole for a

parole hearing and "[d]epending on the outcome of the parole hearing the need for discovery may

be mooted." (D.I. 40) Defendants requested a stay of discovery until "such time that a decision

has been made by the Board of Parole." The parole hearing was not held until December 11,

2012. (*See* D.I. 44 Ex.) Because Plaintiff did not file an opposition to the motion to stay

discovery, Defendants posited that it was "likely . . . Plaintiff agrees that this matter is moot if he

is paroled." However, on January 29, 2013, after Defendants filed their second motion to

dismiss, Plaintiff wrote to the Court, voicing his opposition to the motion to dismiss and to

Defendants' "erroneous" assumption regarding the motion to stay discovery. (D.I. 43) Plaintiff

explained that had been transferred from the James T. Vaughn Correctional Center, and he had

no law library access, no stamps, envelopes, paper, and no access to legal photocopies. In

addition, he noted that a stay had not been granted, discovery was properly filed, but, to date, he

9

had not been provided "one iota of discovery material." (*Id.*) For the reasons discussed below, the Motion to Stay (D.I. 40) will be denied as moot. Defendants will be required to provide Plaintiff the discovery he seeks

Defendants filed their motion for summary judgment on March 11, 2013. Two weeks later, Plaintiff filed a motion to compel Defendants to respond to his discovery requests. (D.I. 49) Plaintiff indicates that he wrote to defense counsel to avoid court intervention, but his requests were ignored. Plaintiff argues that Defendants engage in unfair actions and have intentionally withheld discovery. Defendants oppose the motion on the grounds that it seeks compulsion of discovery responses long after the discovery deadline has expired, discovery is over, and the motion for summary judgment is ripe for the Court's decision.

Defendants have provided Plaintiff no discovery in this case despite his proper requests for discovery made in compliance with the Federal Rules of Civil Procedure. Plaintiff sought discovery from Defendants well within the time-frame allowed to conduct discovery, yet Defendants did not respond to the discovery requests. Nor did Defendants respond to Plaintiff's request to resolve the discovery dispute. Moreover, while Defendants sought to stay discovery, the filing of the motion did not automatically stay discovery or relieve them from following the Rules of Civil Procedure. Notably, Defendants neither sought an extension of time to respond to the discovery nor filed any objections to the discovery. Therefore, the Court will grant Plaintiff's Motion to Compel to the extent that Defendants shall respond to Plaintiff's request for production of document (D.I. 31), respond to the request for admissions (D.I. 32), and answer the interrogatories (D.I. 35), and (for the reasons discussed below) will deny that part of the motion

10

that requests depositions. The Court finds that Defendants have waived their opportunity to object, with the exception that Defendants may still raise privilege and prison security objections.

Plaintiff has moved to take the depositions (D.I. 38) of Dwight Holden and William C. Pfeifer. The Court reserves its ruling on the motion pending a showing by Plaintiff (who proceeds pro se and has been granted leave to proceed in forma pauperis) of his financial ability to pay for the costs associated with the depositions.

Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure, but the Court has no authority to finance or pay for a party's discovery expenses. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses). The taking of depositions would entail stenographic or court reporter expenses, which this Court is not authorized to pay. It is Plaintiff's responsibility to pay for the costs associated with the taking of depositions. Therefore, Plaintiff will be ordered to make a showing of his ability to pay the expenses for the taking of the depositions.

Finally, as noted above, the Court will extend dispositive motion deadlines. Therefore, should remaining Defendant Board of Parole opt to file a renewed motion for summary judgment, Defendant or defense counsel shall see that Plaintiff is provided law library access so that he may adequately respond to the motion for summary judgment and Defendant or defense shall advise the Court of the arrangements provided.

11

## VI.   **CONCLUSION**

For the above reasons, the Court will: (1) hold in abeyance its ruling on Plaintiff's Motion to Take Depositions (D.I. 38); (2) deny as moot Defendants' Motion to Stay Discovery; (3) grant in part and deny in part Defendants' Motion to Dismiss (D.I. 42); (4) deny Plaintiff's Motion to Strike; (5) deny without prejudice to renew Defendants' Motion for Summary Judgment; and (6) grant in part and deny in part Plaintiff's Motion to Compel (D.I. 49).

An appropriate Order will be entered.