IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN A. WHITE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-386-LPS |
| DELAWARE BOARD OF PAROLE, | : | |
| Defendant. | : | |

Steven A. White, Wilmington, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

August 11, 2014
Wilmington, Delaware

*[signature]*
STARK, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Steven A. White ("Plaintiff"), a former inmate at the Central Violation of Probation Center ("CVOP") in Smyrna, Delaware, filed this action on May 2, 2011, alleging violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.* ("ADA"), and the Rehabilitation Act of 1973 ("Rehab Act"). (D.I. 3) Plaintiff has since been released. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, to compel production of discovery responses pursuant to Fed. R. Civ. P. 37. (D.I. 60) For the reasons that follow, the Court will grant the motion to dismiss for failure to prosecute.

II.  **BACKGROUND**

Plaintiff alleges that he was denied parole in May 2009 in violation of the ADA and the Rehab Act. During the pendency of this action, Plaintiff reapplied for parole and, on December 12, 2012, he was paroled to Level IV Crest followed by Level III supervision. (D.I. 42, Ex. A) On January 29, 2013, Plaintiff notified the Court of his transfer from the James T. Vaughn Correctional Center to the CVOP. (D.I. 43) It appears that Plaintiff has since been released.

On July 31, 2013, the Court entered an amended scheduling order that provided a new discovery deadline of December 2, 2013 and a dispositive motion deadline of January 6, 2014. (D.I. 52) In addition, Plaintiff sought to take depositions and was ordered to make a showing, within thirty days from the date of the order, that he was able to pay the expenses for the taking of the depositions. Finally, Defendant was ordered to respond to Plaintiff's outstanding discovery requests.

1

Defendant responded to the discovery as ordered by the Court (D.I. 55, 56, 57) and served discovery requests upon Plaintiff on September 6, 2013 (D.I. 58). When Plaintiff did not timely respond, Defendant wrote to Plaintiff on November 8, 2013, requesting responses. (D.I. 60 at Ex. B) Plaintiff did not respond. In addition, Plaintiff did not comply with the Court's July 31, 2013 Order to make a showing of his ability to pay for the costs of depositions. Finally, Plaintiff has failed to advise the Court of his current address. The address on the Court docket was provided by the CVOP in August 2013.

Defendant filed a motion to dismiss (D.I. 60) on November 25, 2013. Plaintiff did not respond to the motion. Defendant filed a motion for an extension of time to file dipositive motions on December 24, 2013. (D.I. 61) Plaintiff did not respond to the motion. Defendant filed a motion for summary judgment on January 6, 2014. (D.I. 62) Again, Plaintiff did not respond.

### III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other possible sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868

(3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to respond Defendant's discovery requests impedes Defendant's ability to prepare for trial.

As to the third factor, there is a history of dilatoriness inasmuch as Plaintiff did not comply with the Court's Order regarding his financial ability to pay for depositions, respond to Defendant's discovery requests, or respond to Defendant's dipositive motions. As to the fourth factor, since Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith, but notes that Plaintiff failed to inform the Court of his current address and his apparent release from the CVOP. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Because Plaintiff proceeds *pro se* and *in*

3

*forma pauperis*, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Court cannot assess the merits, given the lack of discovery.

Given Plaintiff's failure to take any action in this case since his apparent release from the CVOP, his failure to update his mailing address, the failure to provide any discovery, and the failure to respond to State Defendants' dispositive motions, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## V.     CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to prosecute. (D.I. 60) The other pending motions (D.I. 61, 62) will be denied as moot.

An appropriate Order follows.